IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff/Respondent, | § | |
| | § | CR. No. C-11-203 |
| v. | § | (C.A. No. C-13-244) |
| | § | |
| JORGE CHAVIANO, | § | |
| | § | |
|     Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Jorge Chaviano's (Chaviano) motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 28.[1] The Court has reviewed the § 2255 motion and concludes that summary dismissal pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (2013) (2255 Rules) is appropriate.

### I. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II. BACKGROUND

Chaviano was arrested in January 2011, after it was determined that he was transporting marijuana when he was stopped for an immigration check at the Falfurrias, Brooks County, Texas, Border Patrol Checkpoint. D.E. 1. He was indicted in February and arraigned in March 2011. D.E. 11, 13

Chaviano pled guilty to the indictment pursuant to a plea agreement on April 18, 2011. Minute Entry April 18, 2011. In exchange for his guilty plea to Count One of the indictment and his waiver of his right to appeal or to file a motion to vacate, set aside, or correct sentence, the

---

[1] Docket entry references (D.E.) are to the criminal case.

government agreed to recommend maximum credit for acceptance of responsibility and to recommend a sentence of imprisonment within the applicable guidelines. D.E. 15 at ¶¶ 1, 2, 7.

A Presentence Investigation Report (PSI) was prepared. D.E. 19. Chaviano's base offense level of 32 was based upon the quantity of marijuana, 1691.48 kilograms. After credit for acceptance of responsibility, Chaviano's total offense level was 29. Id. at ¶¶ 13-20. Chaviano had no previous scoreable criminal history. Id. at ¶¶ 23-25. His Guideline sentencing range was 87-108 months, but there was a mandatory minimum sentence of 10 years. Id. at ¶¶ 41-42.

Sentencing was held in July 2011. Counsel filed an objection to the lack of safety valve downward departure, and the Court heard evidence regarding Chaviano's debriefing. After hearing such evidence, the Court overruled counsel's objection and declined to give Chaviano a downward departure for safety valve. D.E. 24 at 28-29. Chaviano was sentenced to 120 months in the Bureau of Prisons, five years supervised release, and a $100 special assessment. D.E. 22. Judgement was entered on the docket on July 27, 2011. D.E. 22. Chaviano did not appeal.

### III.  MOVANT'S ALLEGATIONS

Chaviano challenges his sentence by claiming that his counsel was ineffective at sentencing and that he was eligible for and should have received safety valve and minor role adjustments. D.E. 28 at pp. 3-4. He claims he was denied an evidentiary hearing on those issues. Id. at 4.

### IV.  ANALYSIS

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for

2

transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

**B.    Statute of Limitations § 2255**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[2] 28 U.S.C. § 2255(f). The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Chaviano did not appeal. His conviction became final on the last day to file a timely notice of appeal, 14 days after the judgment was entered on the docket. Fed. R. App. P. 4(b). His notice of appeal was due on August 13, 2011. Chaviano did not file his § 2255 motion until July 30, 2013, 350 days past the one year deadline.

Chaviano does not address the lateness of his motion. Equitable tolling may allow for a late filed motion, but such exceptions to limitations are rare. Holland v. Florida, — U.S. —, 130 S.Ct. 2549, 2562 (2010); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. United States v. Petty,

---

[2] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Chaviano must show that 1) he has diligently pursued his rights, and 2) some extraordinary circumstance stood in his way. Holland, 130 S.Ct. at 2562; Petty, 530 F.3d at 365.

Chaviano has presented no facts that would suggest that he has diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing. The Court is aware that Chaviano requested documents in 2013, but he did so only after limitations expired. He has alleged no facts from which this Court can conclude that equitable tolling is appropriate. Accordingly, the Court concludes that Chaviano's failure to file his § 2255 motion within the one-year limitations period requires that the motion be dismissed with prejudice as time-barred. Because the Court determines that the motion is time-barred, it does not reach the merits of his asserted grounds for relief.

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Chaviano has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A Certificate of Appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires

a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court concludes that reasonable jurists could not debate the denial of Chaviano's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to the claims that this Court has addressed on procedural grounds, the Court finds that Chaviano cannot establish at least one of the Slack criteria. Specifically, jurists of reasons would not find this Court's procedural rulings debatable. Accordingly, Chaviano is not entitled to a COA as to his claims.

## VI.  CONCLUSION

For the foregoing reasons, Chaviano's § 2255 motion (D.E. 28) is **DENIED** pursuant to Rule 4(b) of the 2255 Rules and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 21st day of August, 2013.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE